| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KELSON JONES,**<br><br>                          **Plaintiff,**<br>**v.**<br><br>**THE CITY OF NEW YORK and NYPD Officer JOHN DOE, individually and in his official capacity.**<br><br>                          **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No: 16-1463 |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officer JOHN DOE, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting him and maliciously prosecuting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Kelson Jones ("Plaintiff" or "Mr. Jones") is a thirty-one (31) year old man who is a resident of Kings County, in the City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendant JOHN DOE is a member of the New York City Police Department ("NYPD") who was so employed on December 20, 2015. Defendant JOHN DOE was acting under color of state law and in his capacity as a member of the NYPD at all relevant times. Defendant JOHN DOE is sued in his individual and official capacity.

## STATEMENT OF FACTS

8. The Incident which is the subject of the instant Complaint took place at approximately 4:30 p.m. at or near Essex Street and Stanton Street, in the city, state and county of New York.

9. At the above mentioned time and in the above-mentioned place, Plaintiff was walking after leaving a restaurant known as Beauty and Essex, when all of a sudden, he was grabbed from behind.

10. Startled, Plaintiff turned around and then noticed it was an NYPD police officer.

11. The officer told Plaintiff to put his hands behind his back because he was under arrest and Plaintiff complied.

12. Next Plaintiff was transported to the 7th Precinct where he was held for about four (4) hours being processed.

13. Thereafter, Plaintiff was taken to Manhattan Central Booking where he spent about thirteen (13) hours awaiting arraignment.

14. At arraignment, Plaintiff learned that he had been charged with false personation and resisting arrest.

15. At arraignment, the matter was put over to February 16, 2016 and on that date, the case was adjourned in contemplation of dismissal.

16. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment and loss.

## FIRST CLAIM
### *Unlawful Search and Seizure*

17. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

18. NYPD Officer JOHN DOE violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion to believe that Plaintiff had committed or was about to commit a crime.

19. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

20. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment and loss.

## SECOND CLAIM
*False Arrest*

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. NYPD Officer JOHN DOE violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause to believe that a crime or violation had been committed or was about to be committed.

23. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*MALICIOUS PROSECUTION UNDER §1983*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendant John Doe maliciously misrepresented to the Manhattan District Attorney's Office that Plaintiff had violated the law.

26. The criminal action against Plaintiff was initiated and continued for a period of two (2) months.

27. The individually named Doe Officer lacked probable cause for the commencement of the criminal proceeding against Plaintiff.

28. In this regard, the Doe Defendant was not motivated to serve justice, but rather, he was motivated to earn overtime compensation, enhance his arrest record and charge Plaintiff with violating the law.

29. The criminal case filed against Plaintiff was ultimately adjourned in contemplation of dismissal.

30. Accordingly, the Defendant Doe Officer is liable to Plaintiff for malicious prosecution.

## FOURTH CLAIM
### *MONELL CLAIM*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

34. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

35. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

36. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

37. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

38. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed

and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

39. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

40. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

41. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

42. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment and loss.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorneys' fees and costs; and

    d. Such other relief as this Court shall deem just and proper.

Dated: February 25, 2016
      New York, NY

                                                                  /S/
                                        Michael J. Redenburg (NY #MR4662)
                                        MICHAEL J. REDENBURG, ESQ. PC
                                        11 Park Place, Suite 817
                                        New York, NY 10007
                                        mredenburg@mjrlaw-ny.com
                                        1-212-240-9465 (Phone)
                                        1-917-591-1667 (Fax)